David B. RUSSELL, Plaintiff,

v.

COMMISSIONER OF PATENTS AND
TRADEMARKS, Defendant.

No. 86–3016.

United States District Court,
District of Columbia.

July 13, 1988.

George E. Kersey, Washington, D.C., for
plaintiff.

Joseph F. Nakamura, Sol., Fred E.
McKelvey, Deputy Sol., Richard E. Schafer,
Associate Sol., Arlington, Va., for defendant.

## MEMORANDUM

HAROLD H. GREENE, District
Judge.

This is a patent case involving a design for "price tag label strips." The Board of Patent Appeals and Interferences affirmed the examiner's rejection of the design submitted by plaintiff on the ground that the design would have been obvious. Following the filing of the action in this Court, the Commissioner filed for summary judgment, and it is that motion, plaintiff's opposition, and the Commissioner's reply that are presently before the Court.

Initially the Commissioner argued that the lawsuit was not brought in the name of the real party in interest, but that issue was subsequently mooted by the entry of that party pursuant to an order of the Magistrate. The Commissioner continues to argue that the question of obviousness is one of law rather than of fact and appropriate for summary judgment on that basis. Although the courts have referred to this question as being ultimately one of law, it is apparent from the actual language of the opinions that this means little more than that, for example, a question of negligence or of breach of contract, is ultimately one of law. The legal question here, as in the examples, must be decided on the basis of facts presented to the tribunal. *See, e.g., Graham v. John Deere,* 383 U.S. 1, 17, 86 S.Ct. 684, 693, 15 L.Ed.2d 545 (1966); *Sakraida v. Ag Pro, Inc.,* 425 U.S. 273, 280, 96 S.Ct. 1532, 1536, 47 L.Ed.2d 784 (1976).

The real question before the Court on the motion, therefore, is whether a genuine issue of material fact sufficient to defeat summary judgment is presented. Fed.R. Civ.P. 56. The Court concludes that plaintiff has failed to demonstrate the existence of such an issue.

■ The Commissioner, in a careful memorandum in support of his motion, lists in some detail the material facts dispositive of the case with respect to which, according to him, there is no genuine issue. Included

in that listing are references to several prior patents as well as to specific statements to the effect that, before the claimed design was made, the designer of ordinary capability in the art of designing price tag label strips was aware of strips, attachments, or pins having the appearance depicted in figures of the application documents. In his memorandum in support of the summary judgment motion, the Commissioner elaborates on these listings by pointing out that, for example, both the Bone patent and the claimed design have "a relatively large head portion, an elongated filament connecting member and a relatively small end bars." Similarly, he states that the Suzuki and Furuti patents each show individual price tag label strip elements which have a "picket shaped" head portion.

In response, plaintiff does no more than to make such entirely conclusory statements, without factual elaboration, as that several named patents "are not representative of the scope and content of the prior art" or of the "level of ordinary skill in the art of designing" the strips; that there "are several sole significant differences" between the claimed design and one of the patents; that the design characteristics of the claimed design and an existing patent "are different;" and that the appearance of the price tag label strip "is different" from the claimed design.[1] None of the alleged differences are spelled out.

Such conclusory statements are not sufficient to raise a genuine issue of material fact. *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 836 (Fed.Cir.1984); *SRI International v. Matsushita Electric Corp.*, 775 F.2d 1107, 1116 (Fed.Cir.1985).

In addition to this basic defect, it should be noted that plaintiff failed to respond to any of the Commissioner's requests for admissions within the time allowed under the Rules, nor did he ask for an enlargement of time. Under Fed.R.Civ. P. 36(a) the matter covered by the requests "is admitted," and on this basis, too, summary judgment for the defendant is appropriate. Finally, except for discussing the issue of whether obviousness is one of fact or law, plaintiff has not bothered in his memorandum in opposition to the motion to explain in any coherent manner why the motion should be denied.[2]

For the reasons stated, defendant's motion for summary judgment must be granted. An order consistent with the above is being issued contemporaneously herewith.

## ORDER

Upon consideration of defendant's motion for summary judgment, the opposition thereto, the entire record herein, it is, for the reasons stated in a Memorandum issued contemporaneously herewith, this 12th day of July, 1988

ORDERED that defendant's motion for summary judgment be and it is hereby granted; and it is further

ORDERED that this action be and it is hereby dismissed.

---

1. Similarly, plaintiff notes, again without elaboration, that the designer of ordinary capability in the art of designing individual price tag attachments was unaware of the design.

2. Even considered with liberality, the memorandum can be read to argue substantively only that "the question of obviousness is of daily concern to examiners in the U.S. Patent Office who are required to apply Sec. 103 in their examination of patent applications. Similarly, patent agents who have no legal training or credentials are also routinely asked to evaluate inventions in terms of obviousness. Examiners and patent agents can only make factual determinations since they are not lawyers." It is unclear what, except again with respect to the law-fact issue, these statements are designed to convey.

Further typical of the lack of care with which plaintiff has approached this matter is his contention in a very short memorandum that "the principle [sic] requests for Admission [sic] were only two days late;" his quotation from a Supreme Court decision that it was error to direct a verdict because "... this was a question of act [sic], properly left to determination for the jury;" and his quotation from another Supreme Court case which allegedly reads, "the question whether an improvment [sic] requires merely mechanical skill ... is one of fact."